UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KARIM SISSOKO,<br><br>Plaintiff,<br><br>vs.<br><br>BILLION CHEVROLET, SIOUX FALLS, SOUTH DAKOTA ET AL; DAVE R BILLION, (OWNER) BILLION CHEVROLET, IN HIS OFFICIAL CAPACITY; THE REGISTERED AGENT, BILLION TOYOTA, IN THEIR OFFICIAL CAPACITY; DAVISON COUNTY TREASURER/ADMINISTRATOR, MOTOR VEHICLE TITLE AND REGISTRATION, IN THEIR OFFICIAL CAPACITY; CHIEF/ASSISTANT POLICE CHIEF, DAVISON COUNTY POLICE DEPARTMENT, IN THEIR OFFICIAL CAPACITY; and RICARDO DAVID ALTAMIRANO CRUZ,<br><br>Defendants. | 4:20-CV-04048-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS |

Plaintiff Karim Sissoko, proceeding pro se, filed a 28 U.S.C. § 1983 action against Defendants Billion Chevrolet, Billion Toyota, Dave R. Billion, the Treasurer for Davison County, South Dakota, the "Chief/Assistant" Police Chief of Davison County, South Dakota, and Ricardo David Altamirano Cruz. Doc. 1. Defendants Billion Chevrolet, Billion Toyota, and David H. Billion[1] (Billion Defendants) moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for

---

[1]Sissoko's complaint lists "Dave R. Billion" as the "owner" of Billion Chevrolet. The Billion Defendants have explained that Dave R. Billion does not hold an ownership interest in Billion

1

failure to state a claim. Doc. 6. This Court grants the motion to dismiss because Sissoko has not pleaded enough facts to make it plausible that the Billion Defendants were acting under color of state law.

I.  **Facts**

Sissoko is a resident of Mitchell, South Dakota. Doc. 1 at 2, 7. According to his complaint and the attached affidavit, he traded his vehicle (the vehicle) into Billion Chevrolet in 2018 and Billion Chevrolet then gave the vehicle to Billion Toyota. Doc. 1 at 4; Doc. 1-1 at 2. Sissoko alleges that Billion Chevrolet and Billion Toyota failed to remove his "name" and "information" from the vehicle before they sold it to someone else. Doc. 1 at 4.

Sissoko received a letter from the City of Minneapolis in January 2020 informing him that the vehicle had been impounded and that he needed to claim it within fifteen days. Doc. 1-1 at 1. He explains in his affidavit that he spoke with Billion Chevrolet and Billion Toyota about the letter; travelled to Minneapolis and brought the vehicle back to Mitchell, South Dakota; and spoke with the Davison County Treasurer's Office, who told him that the title to the vehicle was "on hold." Doc. 1-1 at 1–3.

Sissoko claims that police officers approached him outside his apartment one evening in February 2020 and informed him that he had "a stolen car." Doc. 1-1 at 3. Sissoko showed the police officers some papers to prove that he had not stolen the vehicle and the officers took the vehicle's key. Doc. 1-1 at 4. The officers told Sissoko they would get back to him about the vehicle, but they have yet to do so. Doc. 1-1 at 4.

---

Chevrolet but that his father, David H. Billion, does. Doc. 7 at 1–2. The Billion Defendants thus submitted the motion to dismiss on behalf of David H. Billion.

Sissoko's complaint is on a form titled "Complaint for Violation of Civil Rights." Doc. 1. In a section titled "Basis for Jurisdiction," the form explains "Under 42 U.S.C. § 1983, you may sue state or local officials for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws.'" Doc. 1 at 3 (cleaned up). In that section, Sissoko checked a box indicating that he was suing "State or local officials (a § 1983 claim)." Doc. 1 at 3. When asked to explain what federal constitutional or statutory rights were violated by state or local officials, Sissoko wrote the following: "Defendant(s) have used my name in publishing untrue statement about me, regarding a vehicle that was traded-in for another, but had still beard [sic] my name; thereby giving false and defaming information against me; thereby tarnishing my character as a person and they are referring to me as a thief." Doc. 1 at 3. When asked to explain how each defendant acted under color of state or local law, Sissoko wrote: "Petitioner believes that the Defendants or agents working on their behalf have caused harm on me by wrongfully using my name where they should not; harming me and causing me to suffer loss." Doc. 1 at 4 (cleaned up).

The Billion Defendants moved to dismiss Sissoko's complaint but failed to properly serve him with the motion. Doc. 11. This Court ordered the Billion Defendants to serve Sissoko by mail and gave Sissoko twenty-four days from the date of service to respond. Doc. 11. The Billion Defendants have now served Sissoko, Doc. 12, and twenty-four days has elapsed without Sissoko filing a response.

## II.   Standard of Review

On a motion to dismiss under Rule 12(b)(6), courts must accept a plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

The Eighth Circuit requires district courts to construe pro se complaints liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. Importantly, however, this rule of liberal construction does not excuse a pro se plaintiff from alleging enough facts to support his claims. Id. at 914. That is, even though a plaintiff is proceeding pro se, the district court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

### III. Analysis

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution" or granted by federal statute. 42 U.S.C. § 1983. To establish a viable § 1983 claim, a plaintiff

4

must show both a violation of a federal right and that the person who committed this violation was acing under color of state law. West v. Atkins, 487 U.S. 42, 49 (1988). The Billion Defendants argue that Sissoko cannot meet this second requirement because they are private parties and were not acting under color of state law.

"The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (cleaned up and citation omitted); see also Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004) ("Section 1983 secures most constitutional rights from infringement by governments, not private parties."). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999); see Dennis v. Sparks, 449 U.S. 24, 27 (1980) (stating that a private actor is considered a state actor if the private actor is a "willful participant in joint action with the State or its agents"). A plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Johnson, 172 F.3d at 536.

There are no factual allegations in Sissoko's complaint or affidavit suggesting that the Billion Defendants were acting under color of state law. Rather, Sissoko's main gripe with the Billion Defendants appears to be that they failed to have title to the vehicle transferred after he traded it in. Although states may have laws on transferring vehicle titles, the "mere invocation of state legal procedures," or, in this case, the failure to invoke these procedures, is not state action. Carlson, 552 F.3d at 651 (citation omitted). The Billion Defendants are entitled to dismissal under Rule 12(b)(6) because Sissoko has failed to state a claim against them.

## IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Billion Defendants' Motion to Dismiss, Doc. 6, is granted.

DATED this 7th day of July, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE