UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KARIM SISSOKO,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DAVISON COUNTY TREASURER/ADMINISTRATOR, MOTOR VEHICLE TITLE AND REGISTRATION, IN THEIR OFFICIAL CAPACITY; CHIEF/ASSISTANT POLICE CHIEF, DAVISON COUNTY POLICE DEPARTMENT, IN THEIR OFFICIAL CAPACITY; AND RICARDO DAVID ALTAMIRANO CRUZ,<br><br>　　　　　　　Defendants. | 4:20-CV-04048-RAL<br><br><br>ORDER GRANTING<br>MOTION TO COMPEL |

Plaintiff Karim Sissoko (Sissoko) proceeding pro se and having paid the requisite filing fee, filed a 28 U.S.C. § 1983 action against Defendants Billion Chevrolet, Billion Toyota, Dave R. Billion, the Treasurer for Davison County, South Dakota, the "Chief/Assistant" Police Chief of Davison County, South Dakota, and Ricardo David Altamirano Cruz. Doc. 1. This Court dismissed Defendants Billion Chevrolet, Billion Toyota, and Dave R. Billion for reasons explained in an Opinion and Order Granting Motion to Dismiss. Doc. 13. The remaining Defendants are represented jointly and will be referred to as the "Davison County Defendants."

1

The Davison County Defendants answered and sought to schedule Sissoko's deposition. Doc. 16 at ¶¶ 5–6. Sissoko did not answer defense counsel's phone call, and defense counsel was unable to leave a message because Sissoko's voicemail account had not been set up. Id. at ¶ 6.

On July 9, 2020, the Davison County Defendants served Sissoko with a Notice of Deposition setting his deposition for July 20, 2020, at 10:00 a.m., at the James D. Taylor P.C., law firm in Mitchell, South Dakota. Doc. 16-1. On July 11, 2020, defense counsel called Sissoko to ask whether he would prefer to have an interpreter at the deposition. Doc. 16 at ¶ 8. Sissoko responded that he was busy and that he would call counsel back. Id. Sissoko then hung up the phone. Id. Sissoko did not call defense counsel back. Id.

On July 20, 2020, defense counsel traveled to Mitchell, South Dakota, for the purpose of taking Sissoko's deposition. Id. at ¶ 9. Sissoko did not arrive at the noticed start time of 10:00 a.m., and at approximately 10:15 a.m., defense counsel's associate performed a Facebook search and found Sissoko's place of employment. Id. at ¶ 10. Counsel for the Davison County Defendants called Sissoko at work and spoke briefly to him on the phone. Id. During the conversation, Sissoko said that he was not going to come to the deposition because he had work and that "[m]y job costs me more than this." Id. Sissoko then hung up the phone. Id.; Doc. 16-2. The Davison County Defendants now have filed a Motion to Compel, Doc. 14, requesting an order compelling Sissoko to give a deposition. Sissoko's time to respond to the motion to compel has elapsed.

Rule 30 of the Federal Rules of Civil Procedure allows a party to take the testimony of any person and to inquire into any relevant matter. Fed. R. Civ. P. 30. Rule 37(a)(3)(B)(i) provides that "[a] party seeking discovery may move for an order compelling an answer designation, production, or inspection . . . if: (i) a deponent fails to answer a question asked under Rule 30. . . ." Fed. R. Civ. P. 37(a)(3)(B)(i). Pro se litigants are required to comply with the Federal Rules of

Civil Procedure and the court's orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.")

Sissoko did not cooperate to set his deposition, so counsel for the Davison County Defendants served a notice of deposition. Sissoko failed to attend. Sissoko had twenty-one days after the Davison County Defendants filed their Motion to Compel to resist the motion, D.S.D. Civ. LR 7.1.B, but filed no resistance to the motion. The Davison County Defendants at this time are seeking only to compel Sissoko to sit for a deposition, which Fed. R. Civ. P. 30(b)(1) requires Sissoko to do upon notice of deposition. Under Fed. R. Civ. P. 37, this Court has broad authority to impose sanctions on a party refusing to properly engage in the discovery process, including authority under Fed. R. Civ. P. 37(b)(2)(A)(v) to dismiss the case if the party does not obey a discovery order. For good cause, it is hereby

ORDERED that the Davison County Defendants' Motion to Compel, Doc. 14, is granted and that this Court orders that Sissoko cooperate with the Davison County Defendants to set his deposition and appear for and properly answer questions during that deposition within the authorized scope of discovery under Fed. R. Civ. P. 26(b). If Sissoko fails to do so, this Court will consider sanctions under Fed. R. Civ. P. 37, including, but not limited to, possible dismissal of the case.

DATED this 8th day of September, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE