UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KARIM SISSOKO,<br><br>Plaintiff,<br><br>vs.<br><br>DAVISON COUNTY TREASURER/ADMINISTRATOR, MOTOR VEHICLE TITLE AND REGISTRATION, IN THEIR OFFICIAL CAPACITY; CHIEF/ASSISTANT POLICE CHIEF, DAVISON COUNTY POLICE DEPARTMENT, IN THEIR OFFICIAL CAPACITY; and RICARDO DAVID ALTAMIRANO CRUZ,<br><br>Defendants. | 4:20-CV-04048-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff Karim Sissoko, proceeding pro se, filed a 28 U.S.C. § 1983 action against Defendants Billion Chevrolet, Billion Toyota, Dave R. Billion, Davison County Treasurer, Davison County Chief/Assistant Police Chief, and Ricardo David Altamirano Cruz. Doc. 1. Defendants Billion Chevrolet, Billion Toyota, and David H. Billion[1] (Billion Defendants) moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Doc. 6. This Court entered an Opinion and Order granting dismissal to the Billion Defendants, because the complaint did not allege a viable § 1983 claim against them. Doc. 13. After all, to

---

[1] Sissoko's complaint improperly listed Dave R. Billion as the "owner" of Billion Chevrolet, when in reality the owner of Billion Chevrolet is Dave R. Billion's father, David H. Billion.

1

establish a § 1983 claim, a plaintiff must show both a violation of a federal right and that the person who committed this violation was acting under color of state law. West v. Atkins, 47 U.S. 42, 49 (1988). "The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (cleaned up and citation omitted.) Pleadings of record do not reflect that Ricardo David Altamirano Cruz ever was served with the summons and complaint in this case. The complaint does not allege that Cruz was acting under color of state law, and the undisputed material facts reflect that he was not any sort of state actor. Thus, Sissoko has no viable § 1983 claim against Cruz.

Remaining Defendants Davison County Treasurer/Administrator, Davison County Police Department Chief/Assistant Police Chief[2] (County Defendants) filed a motion for summary judgment, brief in support of summary judgment, and statement of undisputed material facts. Docs. 18, 19, 20. Even though those summary judgment pleadings were filed on October 26, 2020, Sissoko has not responded in any way and has not contested anything contained in the statement of undisputed material facts from the County Defendants. Under Local Rule, this Court can and does deem the statement of undisputed material facts to be admitted. D.S.D. Civ. LR 56.1(D). ("All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts.").

## I.   Undisputed Material Facts

---

[2] Sissoko likely meant to name the Mitchell Police Department, which is a City of Mitchell and not Davison County entity. As the undisputed material facts reveal, the Davison County Sheriff's Office had no involvement in this matter, but members of the Mitchell Police Department did. This Court will refer collectively to "County Defendants" nonetheless.

Sissoko is a resident of Mitchell, South Dakota. Doc. 1 at 2, 7. On or about September 24, 2018, Sissoko traded his 2014 Toyota RAV4 (RAV4) to Billion Chevrolet in Sioux Falls, South Dakota. Doc. 20 at ¶ 1. Billion Chevrolet thereafter sold the RAV4 to a consumer believed to be Ricardo David Altamirano Cruz. Doc. 20 at ¶¶ 2–3. However, the title or registration for the vehicle remained in Sissoko's name, which Sissoko has alleged to be the fault of the Defendants. Doc. 20 at ¶ 4.

On or about January 23, 2020, Sissoko received a certified letter from the City of Minneapolis informing him that a vehicle registered and titled in his name had been impounded and that he needed to retrieve it. Doc. 20 at ¶¶ 5, 18. Sissoko went to the Davison County Treasurer's Office in Mitchell, South Dakota, to inquire about the situation, but this being the first time the Davison County Treasurer's Office had heard of the matter, it had no information to provide. Doc. 20 at ¶¶ 6–7. Sissoko then traveled to Minneapolis where he attempted to explain the situation to the impound lot employees, but being unsuccessful in that endeavor, ended up retrieving the RAV4 and returning with it to Mitchell where he resides. Doc. 20 at ¶ 5.

On February 4, 2020, the Mitchell Police Department received a phone call from the Minneapolis Police Department requesting a search of the area of 3001 North Ohlman Street in Mitchell for a stolen vehicle. Doc. 20 at ¶ 10. Officer Nicholas Jongeling of the Mitchell Police Department drove to that area to attempt to locate the purportedly stolen vehicle. Doc. 20 at ¶ 11. Upon arrival, Officer Jongeling observed that Officer Justin Stoltenburg had already arrived on the scene. Doc. 20 at ¶ 11. The officers located a white Toyota RAV4, which upon inspection, was found to be model year 2014, consistent with the vehicle reportedly stolen. Doc. 20 at ¶ 11. Officer Jongeling called Officer Anthony Maisano of the Minneapolis Police Department to discuss his findings. Doc. 20 at ¶ 12. Officer Maisano informed Officer Jongeling that a man

3

named Ricardo Altamirano Cruz had come into the Minneapolis Police Department to report his vehicle being stolen. Doc. 20 at ¶ 13. Cruz said that he had purchased a 2014 Toyota RAV4 from Billion Auto Sales in 2018, but had never licensed it. Doc. 20 at ¶ 14. Sometime during an early 2020 snowstorm, Cruz's vehicle was towed to a Minneapolis impound lot. Id. Cruz realized that the vehicle was not registered or licensed in his name and then registered his vehicle and went to retrieve it. Id. Upon arriving at the impound lot, Cruz learned that because the Vehicle Identification Number had remained registered to Sissoko the impound lot had released the vehicle to Sissoko on February 1, 2020. Id.

While speaking with Officer Maisano, Officers Jongeling and Stoltenberg noticed a man exit the apartment complex next to where the RAV4 was parked. Doc. 20 at ¶ 15. The officers identified the man as Sissoko. Doc. 20 at ¶ 15. Officer Jongeling approached Sissoko to inform him that the RAV4 had been reported stolen and that he wanted to speak with Sissoko about it. Doc. 20 at ¶ 16. Sissoko, suspecting something of this nature might occur, asked Officer Jongeling to come up to his apartment to see the paperwork he had regarding the RAV4. Doc. 20 at ¶ 17. Sissoko explained that he had purchased the vehicle in 2017, but had traded it at Billion Auto Sales on or about September 24, 2018. Doc. 20 at ¶ 18. Sissoko then explained the entire story of the vehicle being towed, his receiving a letter to come get the vehicle, and his attempts to resolve the situation with the Minneapolis impound lot. Doc. 20 at ¶ 18. Sissoko told Officer Jongeling that he tried to explain the situation to the impound lot employees, but was informed that the vehicle remained registered in his name. Id. Sissoko then explained that he had traveled to Minneapolis with a friend to retrieve the vehicle and brought it back to Mitchell. Doc. 20 at ¶ 19. After this discussion, Sissoko ultimately gave Officer Jongeling the key to the RAV4. Doc. 20 at ¶ 20. Officer Jongeling explained that the vehicle would be taken to the Mitchell Police Department

4

impound lot and that Sissoko would not be placed under arrest for stealing the vehicle. Doc. 20 at ¶¶ 21–22. Indeed, Sissoko was never placed under arrest, handcuffed, or confined in any manner. Doc. 20 at ¶ 23. Officer Jongeling left Sissoko's apartment, gave the RAV4 key to Officer Stoltenberg, and left the scene to respond to a different call. Doc. 20 at ¶ 24. That was the last interaction between Sissoko and Officer Jongeling. Id.

Sissoko then filed this § 1983 claim against various Defendants, including the Davison County Treasurer/Administrator and the Chief/Assistant Chief of the Davison County Police Department. Doc. 20 at ¶ 26. There is no such thing as the Davison County Police Department, and Sissoko evidently meant to sue the Mitchell Police Department, the employer of the officers with whom he had contact. Doc. 20 at ¶ 27.

## II.   Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party." True v. Nebraska, 612 F.3d 666, 669 (8th Cir. 2010) (citation omitted). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party" on a particular issue. Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to

5

withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

## III. Discussion

To prevail on a § 1983 claim, Sissoko must show that the Defendants' "alleged wrongful conduct deprived [Sissoko] of a constitutionally protected federal right." Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). The undisputed material facts establish that the County Defendants neither engaged in wrongful conduct nor did anything to deprive Sissoko of a constitutionally protected federal right.

The Davison County Treasurer's Office had no involvement in any title transactions related to Sissoko's RAV4. The entire involvement of the Davison County Treasurer's Office related to a visit by Sissoko in late January of 2020. Sissoko inquired of the Davison County Treasurer's Office about a certified letter he had received from the City of Minneapolis informing him that a vehicle registered and titled in Sissoko's name had been impounded and needed to be retrieved. Doc. 20 at ¶¶ 5, 6–7, 18. The Davison County Treasurer's Office knew nothing of the matter and had no information to offer. Doc. 20 at ¶¶ 6–7. The absence of knowledge of the Davison County Treasurer's Office concerning the RAV4 is not wrongful conduct; the Davison County Treasurer's Office was not involved in the transaction between Sissoko and Billion Auto Sales on or about September 24, 2018, or involved in the impounding of the RAV4 after Cruz had acquired it and parked it improperly amidst a January 2020 snowstorm. Moreover, by providing no information concerning the RAV4 when it in fact had no information to offer, the Davison County's Treasurer's Office did not deprive Sissoko of a constitutionally protected federal right.

Similarly, the Mitchell Police Department neither engaged in wrongful conduct nor deprived Sissoko of a constitutionally protected federal right. The Mitchell Police Department

had received information from the Minneapolis Police Department about Cruz having reported his RAV4 being stolen and a lead that the RAV4 might be where Sissoko lived. The Mitchell Police Department officers followed up on the lead, found the RAV4, approached Sissoko about it, listened to Sissoko's explanation of why he was in possession of the RAV4, viewed materials that Sissoko provided, and ultimately never arrested or detained Sissoko on any charge of a vehicle theft. Doc. 20 at ¶¶ 10–23. Thus, the Mitchell Police Department did not engage in any wrongful conduct. Moreover, the Mitchell Police Department did not deprive Sissoko of a constitutionally protected federal right. See Schmidt, 557 F.3d at 571.

Another ground for summary judgment is that the County Defendants are sheltered by the doctrine of qualified immunity under these circumstances. The doctrine of qualified immunity "shields government officials from suit unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Littrell v. Franklin, 388 F.3d 578, 581 (8th Cir. 2004). A two-part test resolves issues of qualified immunity: 1) do the facts alleged show that the official violated a constitutional right; and 2) was that right clearly established at the time of the challenged conduct. Partlow v. Stadler, 774 F.3d 497, 501 (8th Cir. 2014). A right is "clearly established" if the law was sufficiently clear that every reasonable officer would understand that his conduct violated that right. District of Columbia v. Wesby, 138 S. Ct. 577, 589–90 (2018). To show that a right is clearly established "controlling authority" or "a robust consensus of cases of persuasive authority" must put the "constitutional question beyond debate." Ashcroft v. Al-Kidd, 563 U.S. 731, 741–42 (2011) (citation and internal marks omitted). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." Wesby, 138 S. Ct. at 589 (cleaned up) (citation omitted).

For the reasons discussed above, to the extent that Sissoko is suing the County Defendants in their individual capacity, there was no "clearly established" constitutional right violated by anyone in the Davison County Treasurer's Office or the Mitchell Police Department in its dealings with Sissoko. Nor does Sissoko have a claim under <u>Monell</u> for any policy or custom of the Mitchell Police Department causing Sissoko any constitutional deprivation.

## IV. Conclusion

For the reasons explained herein, it is hereby

ORDERED that the Motion for Summary Judgment, Doc. 18, filed by the County Defendants is granted and judgment enters now for the County Defendants on all claims.

DATED this 23d day of February, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE